# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-0855V
(not to be published)

| | |
|---|---|
| ANITA MCDONALD,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: December 21, 2022<br><br>Special Processing Unit (SPU);<br>Attorney's Fees and Costs |

*Emily Beth Ashe*, Anapol Weiss, Philadelphia, PA, for Petitioner.

*Camille Michelle Collett*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On June 10, 2019, Anita McDonald filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered right shoulder adhesive capsulitis as a result of an influenza vaccine administered to her on October 12, 2017. Petition at 1. On January 26, 2022 a decision was issued awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 36).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On August 2, 2022, Petitioner filed a motion for attorney's fees and costs, requesting a total award of $21,559.14 - representing $20,826.50 in fees and $732.64 in costs. ECF No. 41. Petitioner indicated that the total amount of attorney's fees sought - $21,559.14, was comprised of the following subtotals:

1. $795.00 in fees incurred by Petitioner's former counsel, Lawrence R. Cohan;
2. $2,926.00 in fees incurred by Petitioner's former counsel, Gregory S. Spizer;
3. $1,900.00 in fees incurred by Petitioner's former counsel, Miriam Barish;
4. $736.00 in fees incurred by Petitioner's former counsel, David J. Carney;
5. $11,529.00 in fees incurred by Petitioner's current counsel, Emily B. Ashe; and
6. $2,940.50 in fees incurred for work performed by multiple paralegals working at the law firm of Petitioner's current counsel.
7. $732.64 in costs incurred for medical records, the court's filing, and PACER activity.

*Id.* at 1-3. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. ECF No. 41-3.

Respondent reacted to the motion on August 8, 2022, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded at the Court's discretion. ECF No. 42. Petitioner did not file a reply thereafter.

A Decision Awarding Attorney's Fees and Costs ("Fee Decision") was issued on September 9, 2022, at ECF No. 43. Subsequently, Judgment entered on September 21, 2022, at ECF No. 45. However, on November 7, 2022, Petitioner's counsel, with the consent of Respondent's counsel, filed a Motion to Amend the Judgment, stating that there were errors in the Fee Decision. (ECF No. 47). On December 5, 2022, the Fee Decision was withdrawn, and Judgment vacated pursuant to Order, ECF No. 48.

A careful review of the billing records indicated that the amounts sought for the fees incurred by all other attorneys and Petitioner's current counsel, Emily B. Ashe, were added twice when calculating the total previously awarded - $27,916.14, resulting in a total award which was $6,357.00 more than the amount Petitioner sought. This decision will correct that error. Additionally, in her motion, Petitioner requested payment be made in one check to Petitioner's counsel's law firm - Anapol Weiss.

I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates.

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). **Accordingly, Petitioner is awarded the total amount of $21,559.14, representing $20,826.50 for attorney's fees and $732.64 in attorney's costs,[3] in a lump sum in the form of a check made payable to Petitioner and Petitioner's counsel's firm, Anapol Weiss.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Hum. Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.